UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMID GHAMOUSHI-RAMANDI, | Case No.:  26cv1758-LL-SBC |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER** |
| KRISTI NOEM, et al., | |
| Respondents. | |
| | [ECF Nos. 1, 2] |

Before the Court are Petitioner Hamid Ghamoushi-Ramandi's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Pet.")] and Motion for Temporary Restraining Order [ECF No. 2 ("TRO")]. Also before the Court are Respondents' Return in Opposition to the Petition [ECF No. 8 ("Ret.")], and Petitioner's Reply [ECF No. 9 ("Reply")]. For the reasons set forth below, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus, **DENIES AS MOOT** the Motion for Temporary Restraining Order, and **ORDERS** Petitioner be immediately released from custody.

/ / /

1

26cv1758-LL-SBC

## I.   BACKGROUND

Petitioner, a native and citizen of Iran, entered the United States on April 22, 2024 at or near San Ysidro, California. Pet. at 3; Ret at. 2. He was released from custody until July 6, 2025, when Petitioner was arrested and taken into Immigration and Customs Enforcement ("ICE") custody without prior notice or justification. Pet. at 2–3. On November 10, 2025, the Immigration Judge ("IJ") granted his application for withholding of removal to Iran. Pet. at 3; Ret. at 3. Department of Homeland Security ("DHS") waived appeal (Ret. at 3), and Petitioner also did not appeal the IJ's denial of his application for asylum (Pet. at 3). Therefore, the IJ's decision became final on December 11, 2025. Ret. at 3.

According to the Respondents, ICE has worked as expeditiously as possible to identify a third country to which Petitioner can be removed. Ret. at 3. On December 17, 2025, ICE contacted ERO Removal and International Operations (RIO) headquarters to seek assistance with identifying a third country for removal. *Id*. On March 9, 2026, ICE requested an update from RIO on finding a third country. *Id*. As of the date of the filing on March 30, 2026, ICE was pending further response from RIO on identifying a third country for removal. *Id*.

Petitioner's Petition and TRO both seek a writ of habeas corpus directing Respondents to, *inter alia*, release him from custody. Pet. at 6; TRO at 3.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive

2

detention, and it is in that context that its protections have been strongest." *Hamdi*, 542 U.S. at 536 (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order.").

## III.    DISCUSSION

Petitioner has been detained for almost nine months since he was detained on July 6, 2025. Pet. at 3. It has been almost five months since Petitioner's order of removal became final on December 11, 2025. Ret. at 3. Respondents argue that under Petitioner's detention is lawful because it is still within the six-month period that the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001) found to be presumptively reasonable. Ret. at 6. The Court is not persuaded.

### A. Zadvydas

"Section 241(a) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231(a), authorizes the detention of noncitizens who have been ordered removed from the United States." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575 (2022). Under this statute, a noncitizen ordered removed must be detained for 90 days pending the government's efforts to secure the noncitizen's removal through negotiations with foreign governments. *See* 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) "authorizes further detention if the Government fails to remove the [noncitizen] during those 90 days." *Zadvydas*, 533 U.S. at 682. The statute, however, is limited to "a period reasonably necessary to bring about [the noncitizen's] removal from the United States" and "does not permit indefinite detention." *Id.* at 689.

/ / /

### 1. Rebuttable Presumption

Respondents argue that Petitioner's case is "premature" as the six-month presumptively reasonable removal period has not lapsed. Ret. at 6. Petitioner responds that he may challenge his continued detention as unconstitutional because the 90-day statutory removal period has expired and the six-month presumption is not a prohibition on claims challenging detention less than six months. (Reply at 2–3.)

In *Zadvydas*, the Supreme Court recognized a six-month presumptively reasonable period of detention after a noncitizen's removal order becomes final. 533 U.S. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The Supreme Court later clarified its holding in *Zadvydas* and explained that:

> *Zadvydas* did not hold that the statute authorizes detention until it approaches constitutional limits; it held that, since interpreting the statute to authorize indefinite detention (one plausible reading) would approach constitutional limits, the statute should be read (in line with the other plausible reading) to authorize detention *only for a period consistent with the purpose of effectuating removal....* If [it] were, as the Government seems to believe, free to 'interpret' statutes as becoming inoperative when they 'approach constitutional limits,' [the Supreme Court] would be able to spare [itself] the necessity of ever finding a statute unconstitutional as applied.

*Clark v. Martinez*, 543 U.S. 371, 384 (2005) (emphasis added).

Multiple district courts have found that the six-month presumption in *Zadvydas* is rebuttable. *See Trinh v. Homan*, 466 F. Supp. 3d 1077, 1092 (C.D. Cal. 2020) ("At no point did the *Zadvydas* Court preclude a noncitizen from challenging their detention before the end of the presumptively reasonable six-month period."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The Supreme Court in *Zadvydas* outlined a 'guide' for approaching these detention challenges . . . not a prohibition on claims challenging detention less than six months.") (quoting *Zadvydas*, 533 U.S. at 700–01); *Uzzhina v.*

26cv1758-LL-SBC

*Chestnut*, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787, at *3 n.3 (E.D. Cal. Dec. 2, 2025) ("The fact that a noncitizen has been held in-custody less than six months does not foreclose a claim that his or her detention is unlawful under *Zadvydas.*"); *Medina v. Noem*, 794 F. Supp. 3d 365, 375 (D. Md. 2025) (noting that "what *Zadvydas* did make clear was that it was adopting a presumption—not a conclusive bar to adjudication of whether continued detention is authorized that lifts only after six months have elapsed"); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."). In contrast, if we follow Respondents' proposed interpretation, "the Government would be permitted to detain noncitizens ordered removed for up to six months even when their removal is impossible." *Zavvar v. Scott*, No. CV 25-2104-TDC, 2025 WL 2592543, at *5 (D. Md. Sept. 8, 2025).

Accordingly, courts have granted *Zadvydas* relief before six months when the petitioner provides clear evidence showing that removal is not reasonably foreseeable. *See, e.g., Ndandu v. Noem*, No. 3:25-CV-02939-RBM-MSB, 2026 WL 25848, at *4–6 (S.D. Cal. Jan. 5, 2026) (granting habeas to a petitioner who was detained for less than six months because he could not be moved to his country of origin, removals to third countries are historically rare, and Mexico, the only country ICE identified, declined to accept him); *Tumasov v. Doe 1*, No. 26CV590-LL-DEB, 2026 WL 458146, at *3–4 (S.D. Cal. Feb. 18, 2026) (granting habeas to a petitioner who was detained for less than four months after the removal order became final because ICE had not yet identified any country that would accept petitioner). If the government provides evidence specific to the petitioner's removal in response, courts deny relief. *See, e.g., Yousefi v. Larose*, No. 3:26-cv-00272-RBM-VET (S.D. Cal. Feb. 13, 2026), slip op. at 4–6 [Doc. # 6] (finding that even if Petitioner had rebutted the presumption of reasonableness, the government's evidentiary showing that Petitioner had a valid Iranian passport and had arranged for the petitioner's flight to Iran, and had represented to the court that the petitioner's removal would occur promptly once the court's stay was lifted); *see also, Zhao v. Kelly*, No. CV 17-777-BRO

(KES), 2017 WL 1591818, at *4 (C.D. Cal. Apr. 27, 2017) (denying habeas relief where China maintained "continued communications" with U.S. officials regarding the petitioner and indicated it was still reviewing the petitioner's repatriation).

Here, Petitioner's removal order became administratively final on December 11, 2025. Ret. at 3. Therefore, Petitioner's 90-day post-removal period has passed, and if Petitioner can demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future, Petitioner should be released.

### 2. Significant Likelihood of Removal

Petitioner argues that he has satisfied his burden of showing there is good reason to believe that removal is not significantly likely, and the Court agrees.

The Supreme Court set the "presumptively reasonable period of detention" under 8 U.S.C. § 1231(a)(6) at six months. *Zadvydas*, 533 U.S. at 701. After the six-month period, a petitioner is entitled to release if he "*provides good reason to believe* that there is no significant likelihood of removal in the reasonably foreseeable future" and the government is unable to rebut that showing. *Id.* (emphasis added).

Here, Petitioner cannot be removed to Iran, which is his country of birth and citizenship as well as the country designated during his removal proceedings, because he was granted withholding of removal to Iran. Ret at 5. Respondents also agree they do not plan on doing so. Ret. at 2 ("he may not be repatriated to Iran"). Thus, as Respondents concede, "[a]part from Iran, there appears to be no other country that would meet the definitions under subsection (i) through (vi)" of 8 U.S.C. § 1231(b)(2)(E). Ret. at 5.

The Court is also not persuaded by Respondents' argument that ICE ERO is "working as diligently as possible" to identify countries that will accept Petitioner for removal. Ret. at 5–6. It has been about five months since Petitioner's removal order became final, and ICE has not yet identified any country that would accept Petitioner. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006) (holding the petitioner sufficiently established no significant likelihood of his removal in the reasonably foreseeable future based on his grant of asylum and CAT protection because "the

26cv1758-LL-SBC

government [was] not entitled to remove him to Sri Lanka, and no other country has been identified to which he might be removed.") They have not provided any details as to their efforts to identify countries that will accept Petitioner, other than that their last follow-up was on March 9, 2026, for which they did are still waiting from a response from RIO.

Therefore, Respondents failed to rebut Petitioner's claim that there is no significant likelihood of removal in the reasonably foreseeable future. *See e.g.*, *Tumasov*, at *3 (rejecting ICE's argument that it is "working diligently" to identify countries that may be willing to accept petitioner for removal and finding that ICE had not yet identified any country that would accept petitioner after over three months); *Ndandu*, at *4 (S.D. Cal. Jan. 5, 2026) ((finding ICE's "good faith" efforts to secure a travel document, without more, do not render detention reasonable).  Thus, Petitioner's detention is no longer reasonable or authorized by statute.

Additionally, because Respondents actively seek to remove Petitioner to a third country, the Court adopts the reasoning in *Azzo v. Noem*, No.: 3:25-CV-03122-RBM-BJW, 2025 WL 3535208, at *2 (S.D. Cal. Dec. 10, 2025) concerning the third country removal claim and reaches the same conclusion: Petitioner must be provided adequate notice and an opportunity to be heard before being removed to a third country. *See Azzo*, 2025 WL 3535208, at *7–8 (adopting reasoning and conclusion in *Esmail v. Noem*, Case No. 2:25-cv-08325-WLH-RAO, 2025 WL 3030589, at *6–7 (C.D. Cal. Sept. 26, 2025)); *see also G.A.A. v. Chestnut*, Case No. 1:25-cv-01102-EPG-HC, 2025 WL 3251316, at *7 (E.D. Cal. Nov. 21, 2025) ("Despite [respondents'] assurances," there is still "a sufficiently imminent risk that Petitioner will be subjected to improper process in relation to any third country removal").

## IV.    CONCLUSION

For the reasons above, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, **DENIES AS MOOT** the Motion for Temporary Restraining Order, and **ORDERS** Respondents to immediately release Petitioner from

26cv1758-LL-SBC

detention, under appropriate conditions of supervised release. As this concludes the litigation in this case, the Clerk of Court **SHALL** close the file.

**IT IS SO ORDERED**.

Dated:  April 13, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv1758-LL-SBC